UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

v.                           CAUSE NO.: 3:18-CV-931-RLM-MGG

C. SMITH, et al.,

    Defendants.

OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Taylor's complaint alleges that, on January 26, 2018, at 10:43 p.m., Sergeant Porter escorted him from the special housing unit to his dormitory by walking him like a dog with a chain, which resulted in other inmates taunting him. Sergeant Holt took his mat and other personal property from his cell, and Mr. Taylor was forced to sleep on the brick floor. Correctional staff didn't return

his mat until 8:00 a.m. the following morning and refused to turn his light off until 1:36 a.m. For his claims, Mr. Taylor seeks money damages.

Mr. Taylor asserts an Eighth Amendment claim against Sergeant Porter for walking him like a dog to his dormitory. The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain," which also includes psychological pain. Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003). Consequently, a prisoner may assert an Eighth Amendment claim if he is subjected to conduct that is "intended to humiliate and inflict psychological pain." Id. The complaint suggests that the manner in which Sergeant Porter escorted Mr. Taylor to the dormitory was intended to humiliate him. Mr. Taylor may proceed on an Eighth Amendment claim against Sergeant Porter.

Mr. Taylor asserts an Eighth Amendment claim against Sergeant Holt for the conditions of his cell on the night of January 26, 2018. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Id. Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). But "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates can't expect the "amenities, conveniences, and services of a good hotel."

2

Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). "An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016). Mr. Taylor doesn't allege that he was deprived of basic life necessities. At most, the allegations suggest that Mr. Taylor was subjected to conditions that made sleeping difficult for a single night.

Mr. Taylor also alleges that, in 2018, Sergeant Holt twice told Mr. Taylor that he hoped Mr. Taylor would die and pushed Mr. Taylor once for no apparent reason. No court condones this sort of conduct, but Mr. Taylor hasn't provided enough details to allow him to proceed on these allegations. As a result, Mr. Taylor can't proceed against Sergeant Holt.

Finally, Mr. Taylor asserts a claim against Lieutenant Smith for allowing Sergeant Porter and Sergeant Holt to act unprofessionally. "It is well established that there is no respondeat superior liability under § 1983." Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Because Mr. Taylor doesn't explain how Lieutenant Smith was personally involved with his claims, Mr. Taylor can't proceed against him.

For these reasons, the court:

3

(1) GRANTS Joshua Taylor leave to proceed on an Eighth Amendment claim against Sergeant Porter for money damages for walking him like a dog to his dormitory on January 26, 2018;

(2) DISMISSES Sergeant Holt and Lieutenant Smith;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Porter at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Porter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Joshua Taylor has been granted leave to proceed in this screening order

SO ORDERED on March 27, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT