UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

    v.    CAUSE NO.: 3:18-CV-931-RLM-MGG

SERGEANT PORTER,

    Defendant.

## OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, is proceeding on a claim of excessive force against Sergeant Porter, a correctional officer at Miami Correctional Facility. Mr. Taylor alleges that on January 26, 2018, Sergeant Porter put a chain on his neck and walked him "like a dog" back to his dormitory, causing other inmates to laugh at him. Sergeant Porter moves for summary judgment on the ground that Mr. Taylor didn't exhaust his administrative remedies as 42 U.S.C. § 1997e(a) requires.[1] Mr. Taylor didn't submit a formal response to the motion, despite being given two extension of time to do so. He filed a document labeled, "Motion of Administrative Remedies," arguing that he properly exhausted his available remedies and attaching documents in support, and a document labeled, "Motion to Compel Summary Judgment," in which he argues in very general terms that Sergeant Porter's motion should be denied.

---

[1] Sergeant Porter served Mr. Taylor with the notice required by N.D. Ind. L.R. 56-l(f). (ECF 34.)

Since Mr. Taylor isn't represented by a lawyer, the court considers these filings in ruling on Sergeant Porter's motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine dispute of material fact exists, the court must "construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*.

at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are actually available. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper, but rather, whether the process was actually available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). If prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered available. *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809; *see* Ross v. Blake, 136 S. Ct. 1850 (2016).

The Miami Correctional Facility had a grievance process in place at all times relevant to this suit.[2] (ECF 33-1, ¶ 5; ECF 33-2.) All inmates at Miami Correctional Facility are made aware of the process during orientation and copies are also available in various places throughout the facility, including the law library. (ECF 33-1, ¶¶ 24-26.) The grievance process contains three steps: (1) a formal grievance filed after attempts at informal resolution prove unsuccessful;

---

[2] The applicable grievance procedure in place at the time of these events was the Offender Grievance Process, Policy and Procedure 00-02-301, in effect from October 1, 2017, to June 13, 2018. (ECF 33-1, ¶ 9.)

3

(2) a written appeal to the warden or his designee; and (3) a written appeal to the grievance manager. (ECF 33-1, ¶¶ 10-11; ECF 33-2, IV.) Exhaustion of the grievance process requires completion of all three steps. (ECF 33-1, ¶ 11.) An inmate must limit his formal grievance to only one issue or event. (ECF 33-2, § XI(A)(5).)

Miami Correctional Facility grievance records reflect that Mr. Taylor filed 56 grievances between October 2015 and May 2019. On February 6, 2018, Mr. Taylor filed a grievance about a variety of matters, including his having to stand on a wet floor, his medication being taken from him without a confiscation form, and the incident with Sergeant Porter and the dog chain. (ECF 33-4.) This grievance was returned to him because it related to "multiple issues or events."

On February 16, 2018, Mr. Taylor filed a renewed grievance limited to the January 26 incident with Sergeant Porter.[3] There is no indication that he ever completed the other two steps of the process. He says he never received any response to his renewed grievance, but the grievance process allowed him to proceed with an appeal "as though the grievance had been denied" if he didn't get a response within 20 business days. (ECF 33-2, § XI(C).) Mr. Taylor doesn't argue, and nothing in the record reflects, that he pursued an appeal after the time elapsed for a response. The record further reflects that Mr. Taylor used the

---

[3] Sergeant Porter asserts that the prison has no record of Mr. Taylor filing a renewed grievance after his original grievance was returned. (ECF 33 at 7.) However, Mr. Taylor has submitted a copy of the renewed grievance, which is signed and dated by the grievance specialist at MCF. (ECF 48 at 3.) At this stage, the court must construe the record, and all favorable inferences arising therefrom, in the light most favorable to Mr. Taylor. Heft v. Moore, 351 F.3d at 282.

grievance process many times both before and after this incident, including filing appeals, so he was familiar with the process.

Because the undisputed facts show that Mr. Taylor didn't exhaust his available administrative remedies before filing suit, this case must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a); *Perez,* 182 F.3d at 535. Mr. Taylor's motions will be denied to the extent they request a ruling in his favor on Sergeant Porter's motion for summary judgment.

For these reasons, the motion for summary judgment (ECF 32) is GRANTED. The plaintiff's motions (ECF 48, 58) are DENIED. This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).

SO ORDERED on July 23, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
